**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, | ) |
| | ) |
| | ) Case No.: 14-cv-6059 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOE, subscriber assigned | ) |
| IP Address 71.194.216.59 | ) |
| (Formerly Doe No. 26), | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Dallas Buyers Club, LLC, by and through its undersigned counsel, for and as its Complaint against Defendant, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). As set forth in greater detail below, this action involves the unauthorized acquisition and transfer by Defendant of Plaintiff's award-winning, mainstream copyrighted motion picture "Dallas Buyers Club" (hereinafter, the "Motion Picture").

2. This Court has jurisdiction under 17 U.S.C. §101 *et seq.;* 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. On information and belief, personal jurisdiction is proper because Defendant, without consent or permission of Plaintiff as exclusive rights owner, within Illinois and within this District,

reproduced, distributed and offered to distribute among other users over the Internet the copyrighted Motion Picture for which Plaintiff has exclusive rights.  Plaintiff has used geolocation technology to trace the Internet Protocol ("IP") address of Defendant to a point of origin within this District.  On information and belief, Defendant has an IP address based in this District and resides in or committed copyright infringement in this District.

4. In the alternative, this Court has personal jurisdiction over Defendant under the Illinois long-arm statute, 735 ILCS 5/2-209(a)(2), because Defendant downloaded copyrighted content from or uploaded it to Illinois residents, thus committing a tortious act within the meaning of the statute.

5. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of Defendant is unknown to Plaintiff at this time, on information and belief, Defendant resides in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## THE PARTIES

6. Plaintiff, Dallas Buyers Club, LLC, (the "Plaintiff") is a developer and producer of motion pictures.  Plaintiff brings this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted Motion Picture. Defendant's infringement allows Defendant and others unlawfully to obtain and distribute for free a copyrighted work that Plaintiff has spent considerable sums to create and/or distribute.  Each time a user unlawfully distributes a free copy of Plaintiff's copyrighted Motion Picture to others over the Internet, each person who copies the Motion Picture then distributes the unlawful copy to others without any significant degradation in sound and picture quality.  Thus, Defendant's distribution of even one unlawful copy of the Motion Picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people.  Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

7.      The true name of Defendant is unknown to Plaintiff at this time.  Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to Defendant by his or her Internet Service Provider and the date and the time at which the infringing activity of Defendant was observed.  Plaintiff believes that information obtained in discovery will lead to the identification of Defendant's true name and will permit Plaintiff to amend this Complaint accordingly.  Plaintiff further believes that additional information obtained may lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

8.      On information and belief, Defendant was observed infringing Plaintiff's motion picture at 02:02:27 PM UTC on January 4, 2014, using Internet Protocol ("IP") Address 71.194.216.59, assigned by the Internet Service provider ("ISP") Comcast.  UTC refers to Universal Time which is used for computer forensic and other purposes. ISP Comcast, on information and belief, generally assigns an IP address to a single party for extended periods of time.  IP address 71.194.216.59 has been linked to infringing activity involving multiple copyrighted titles exchanged on peer-to-peer networks, including Plaintiff's copyrighted Motion Picture, demonstrating a custom and practice of infringement by Defendant and an ongoing disregard by Defendant for the rights of others.  Defendant is expected to be identified with more specificity upon further investigation including subpoenaed records of Comcast.

## BACKGROUND

## PEER-TO-PEER INTERNET PIRACY

10.     As noted by Senator Levin in Congressional hearings on peer-to-peer internet piracy, "In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines. In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it equivalent to jaywalking – illegal but no big deal.  But it is a big deal.  Under U.S. law, stealing intellectual

property is just that – stealing. It hurts artists, the music industry, the movie industry and others involved in creative work. And it is unfortunate that the software being used – called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm."

11. Peer-to-peer networks, at least in their most common form, are computer systems that enable Internet users to: 1) make files (including motion pictures) stored on each user's computer available for copying by other users or peers; 2) search for files stored on other users' computers; and 3) transfer exact copies of files from one computer to another via the Internet.

12. The particular peer-to-peer protocol at issue in this action is the BitTorrent protocol. To use BitTorrent, a user intentionally downloads a program that the user installs on his computer called a "client." The BitTorrent client is the user's interface during the downloading/uploading process. The client may be free, supported by advertising, offer upgrades or add on services for a fee, or a combination of several options.

13. Users then intentionally visit a "torrent site" or network site to find media or content available for download, often using a standard web browser.

14. A torrent site is often an advertising revenue or subscription supported index of media or content being made available by other users on the network and maintains a listing of movies and television programs among other copyrighted content.

15. A user then uses the torrent site to connect with other users and exchange content through the BitTorrent protocol often with many users at the same time.

16. Internet piracy, and in particular BitTorrent piracy, although known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites and networks generate millions of dollars in revenue through sales and advertising.

17. Many parties, and possibly Defendant, have paid money to facilitate or permit increased access to content which has been made available without authorization.

18. To increase the value of the advertising and sometimes subscription access sold by torrent sites, many torrent/network sites work to expand the pool of available titles and speed of downloads available through increasing the number of member peers and thus the desirability of their clients and networks. To accomplish this, torrent/network sites reward participants who contribute by providing them with faster download speeds, greater access, or other benefits.

19. A significant element of the BitTorrent model is that those who participate and download movies not only share and upload movies with others, but participants are often rewarded through various means based on the volume and availability of content that participants in turn provide the network. In sum, there is a feedback incentive for participants as they obtain not only the benefit of their pirated copy of a movie, but they obtain other benefits by increasing the availability of pirated content to others.

20. As such there is a growing number of users who participate in peer-to-peer networks and receive personal gain or compensation in that the networks they use reward those who provide large numbers of files for upload to others. Many parties, and possibly Defendant, have been compensated for their participation in expanding the availability of pirated content to others through BitTorrent networks, including Plaintiff's Motion Picture.

21. Another growing element of the BitTorrent model is that users are able to attach advertising to the files they upload through various means allowing them to generate revenue through the propagation of the titles they make available to others.

22. While it may or may not be that Defendant is personally and directly generating revenue from such conduct, Defendant's alleged conduct furthered such efforts as he or she downloaded and then re-published pirated content used to provide advertising to third parties.

23. The use of BitTorrent does more than cause harm through the theft of intellectual property. The BitTorrent distribution of pirated files is a business model that profits from theft through sales and advertising and a system of rewards and compensation to the participants, each of

5

whom contribute to and further the enterprise.

## FACTS OF THE CLAIM

### IP Address

24.     An Internet Service Provider, ("ISP"), grants access to the Internet and the ability to send and receive information, whether in the form of an email, photo or motion picture. To connect to the Internet, a user must contract with an ISP and create an account for service either directly, or through an intermediary such as another subscriber.

25.     The ISP then generally assigns each subscriber a unique IP address.  An IP address is like the address used on an envelope.  It is the identifier Defendant used to tell the world not only where he or she was sending data from, but the location to where any requested data should be sent.

26.     Defendant has been identified as Doe No. 26 in the present action and is known only by the specific IP address, 71.194.216.59, used at a specific time to exchange Plaintiff's Motion Picture through the BitTorrent peer-to-peer network.

27.     Under the BitTorrent protocol each file has a unique "hash value" tied to a specific file.  In the present case, the hash value *SHA1: AE9D9207F77DF66E96B7E81C860D13364CD0C085* has been confirmed as being the hash value for an unauthorized copy of Plaintiff's Motion Picture.

28.     On information and belief, Plaintiff has determined the ISP used by Defendant, the torrent file copied and distributed by Defendant as identified by hash value, the BitTorrent client application utilized by Defendant, and the location of Defendant, as determined by geolocation technology.

### Conduct of Defendant

29.     On information and belief, Plaintiff has recorded Defendant as copying and publishing Plaintiff's Motion Picture via BitTorrent, as Plaintiff's investigator has downloaded the Motion Picture via BitTorrent from Defendant and others.

6

30. Defendant, known by the IP address of 71.194.216.59, accessed the Internet either as the subscriber to the ISP (Comcast Cable) account, or through access provided by the subscriber, and initiated his or her infringing conduct by first intentionally logging into one of many BitTorrent client repositories known for their large index of copyrighted movies, television shows and software. Defendant then intentionally obtained a torrent file identified by a "hash" which was attached to Plaintiff's Motion Picture from the index and intentionally loaded that torrent file into a computer program or client designed to read such files.

31. With the torrent file intentionally loaded by Defendant, his or her BitTorrent client used the BitTorrent protocol to initiate connections with possibly hundreds of other users possessing and uploading or sharing copies of the digital media described in that same hash, namely, Plaintiff's Motion Picture. As the Motion Picture was copied to Defendant's computer piece by piece, these downloaded pieces of Plaintiff's Motion Picture were then immediately published and made available for upload to other users' computers. Thus, Defendant not only participated in the BitTorrent by downloading the Plaintiff's Motion Picture, but also uploaded or published the work via BitTorrent.

32. On information and belief, Defendant's conduct was unauthorized and in violation of the license and terms of access to the Internet through his or her ISP.

33. On information and belief, Defendant was a willing and knowing participant in the infringement of Plaintiff's copyright.

34. Defendant may have also obtained compensation or personal benefit through making Plaintiff's Motion Picture available to others.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

35. Dallas Buyers Club has received six Academy Award nominations during 2014 including Best Motion Picture of the Year and was awarded Best Performance by an Actor in a Leading Role (Matthew McConaughey) and Best Performance by an Actor in a Supporting Role (Jared Leto). Prior to its Oscar nominations, the Motion Picture won Golden Globes and Screen Actors Guild Awards for Best Performance by an Actor in a Motion Picture (Matthew McConaughey) and Best Performance by an Actor in a Supporting Role in a Motion Picture (Jared Leto). To date, Dallas Buyers Club has received critical worldwide acclaim and has won at least 69 awards and garnered an additional 35 nominations as listed in Exhibit A. The Motion Picture has significant value and has been created and produced at considerable expense. Dallas Buyers Club has played in theaters and is available for rental and/or purchase from at least Amazon, iTunes, Netflix and Blockbuster On Demand.

36. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for the copyrighted Motion Picture, including derivative works. The copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration (Registration No. PA 1-873-195) issued by the Register of Copyrights on November 13, 2013. (Exhibit B).

37. The copyrighted Motion Picture includes a copyright notice advising the viewer that the Motion Picture is protected by the Copyright Laws.

38. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted Motion Picture. Plaintiff has identified Defendant by the IP address assigned to Defendant by his or her ISP and the date and the time at which the infringing activity of Defendant was observed. Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement

of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*).

39. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

40. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

41. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all copies of the copyrighted Motion Picture made in violation of Plaintiff's copyrights.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendant and relief as follows:

1. For entry of a permanent injunction providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded Motion Picture transferred onto any physical medium or device in Defendant's possession, custody or control.

2. For Judgment in favor of Plaintiff against Defendant that Defendant has: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint.

3. For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial.

4. For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's Motion Picture which are in Defendant's possession or under his control.

5. For Judgment in favor of Plaintiff and against Defendant awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

6. For Judgment in favor of Plaintiff against Defendant, awarding Plaintiff such further declaratory and injunctive relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: August 7, 2014

Respectfully submitted,

DALLAS BUYERS CLUB, LLC

By: s/ Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
Todd S. Parkhurst (Bar No. 2145456)
Karyn L. Bass Ehler (Bar No. 6285713)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com

Attorneys for Plaintiff
Dallas Buyers Club, LLC

**CERTIFICATE OF FILING**

      The undersigned attorney hereby certifies that a true and correct copy of the foregoing Complaint for Copyright Infringement was filed electronically with the Clerk of the Court via the CM/ECF system on August 7, 2014.

                                                               s/Michael A. Hierl